UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| UNITED STATES OF AMERICA, | § | |
|---|---|---|
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. 3:16-CV-1238-B |
| OSCAR D. GALINDO, | § | |
| Defendant. | § | |

MEMORANDUM OPINION AND ORDER

Before the Court is the United States of America's (the "Government") Motion for Default Judgment (doc. 8), filed June 13, 2016. For the reasons that follow, the Court concludes that the Government's motion should be, and hereby is, GRANTED.

I.

BACKGROUND

The Government filed its Complaint against Defendant Oscar D. Galindo on May 6, 2016. Doc. 1. Compl. In its Complaint, the Government alleges Galindo defaulted on his student loan payments and is therefore indebted to the United States for the principal and interest on that loan. *See id.* Galindo was served with the Summons and Complaint on May 14, 2016, at 1309 N. Main Street, Cleburne, Texas 76033. Doc. 5, Aff. of Service. Despite having been served, Galindo neither submitted an answer nor otherwise made any appearance in this case. Accordingly, the Government requested an entry of default on June 13, 2016, which the Clerk of Court entered the same day. Doc. 6, Req. for Clerk to Issue Entry of Default; Doc. 7, Clerk's Entry of Default. Subsequently, the

Government filed the present Motion for Default Judgment to recover the amount due on Galindo's loans, as well as pre- and post-judgment interest and costs. To date, Galindo has not made an appearance in this case.

II.

LEGAL STANDARD

Upon the motion of a plaintiff, Rule 55 of the Federal Rules of Civil Procedure authorizes the Court to enter a default judgment against a defendant who has failed to plead or otherwise defend against the plaintiff's claims. Fed. R. Civ. P. 55(a)–(b). However, "[d]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989). They are "available only when the adversary process has been halted because of an essentially unresponsive party." *Id.* A plaintiff is not entitled to a default judgment merely because the defendant is technically in default. *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996). "Rather, a default judgment is generally committed to the discretion of the district court." *United States v. 1998 Freightliner Vin #: 1FUYCZYB3WP886986*, 548 F. Supp. 2d 381, 384 (W.D. Tex. 2008) (citing *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977)).

In determining whether a default judgment should be entered against a defendant, courts have developed a three-part analysis. *See, e.g., 1998 Freightliner Vin #: 1FUYCZYB3WP886986*, 548 F. Supp. 2d at 384. First, courts consider whether the entry of default judgment is procedurally warranted. *See Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998). Factors relevant to this inquiry include the following: (1) whether material issues of fact exist; (2) whether there has been

substantial prejudice; (3) whether the grounds for default are clearly established; (4) whether the default was caused by a good faith mistake or excusable neglect; (5) the harshness of a default judgment; and (6) whether the court would think itself obliged to set aside the default on the defendant's motion. *Id.* (citing 10 Charles A. Wright et al., *Federal Practice and Procedure* § 2685 (2d ed. 1983)).

Second, courts assess the substantive merits of the plaintiff's claims and determine whether there is a sufficient basis in the pleadings for the judgment. *See Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). In doing so, courts may assume that a defendant, due to its default, admits all well-pleaded facts in the plaintiff's complaint. *Id.* However, a "defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Id.*

Third, courts determine what form of relief, if any, the plaintiff should receive. *See, e.g., 1998 Freightliner Vin #: 1FUYCZYB3WP886986*, 548 F. Supp. 2d at 384. Normally, damages are not to be awarded without a hearing or a demonstration by detailed affidavits establishing the necessary facts. *See United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979). However, if the amount of damages can be determined with mathematical calculation by reference to the pleadings and supporting documents, a hearing is unnecessary. *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993).

III.

ANALYSIS

Applying the three-part analysis described above, the Court concludes that the Government is entitled to a default judgment on its claim for unpaid debts against Galindo.

A.   *Default Judgment is Procedurally Warranted*

After reviewing the Government's motion in light of the six *Lindsey* factors, the Court determines that default judgment is procedurally warranted. First, Galindo has not filed any responsive pleadings in this case. Consequently, there are no material facts in dispute. *Lindsey*, 161 F.3d at 893; *Nishimatsu Constr.*, 515 F.2d at 1206 (noting that "[t]he defendant, by his default, admits the plaintiff's well-pleaded allegations of fact"). Second, Galindo's "failure to respond threatens to bring the adversary process to a halt, effectively prejudicing Plaintiff's interests." *Ins. Co. of the W. v. H & G Contractors, Inc.*, Civil Action No. C-10-390, 2011 WL 4738197, at *3 (S.D. Tex. Oct. 5, 2011) (citing *Lindsey*, 161 F.3d at 893). Third, given that Galindo has had over six months since receiving service to make an appearance in this case but has neglected to respond in any way, the grounds for default are clearly established. Fourth, there is no evidence before the Court to indicate that Galindo's silence is the result of a "good faith mistake or excusable neglect." *Lindsey*, 161 F3d at 893. Fifth, the Government seeks only the relief to which it is entitled under the original promissory note, thus mitigating the harshness of a default judgment. Finally, the Court is not aware of any facts that would constitute "good cause" to set aside the default judgment if challenged by Galindo. *See id.* Therefore, the Court concludes that default is procedurally warranted based on the *Lindsey* factors.

B.   *Default Judgment is Substantively Warranted*

As noted above, Galindo is deemed to have admitted the well-pleaded factual allegations set forth in the Government's Complaint. Nonetheless, the Court must review the pleadings to determine whether they provide a sufficient basis for the Government's claim for relief. *Nishimatsu*

*Constr.*, 515 F.2d at 1206. For this inquiry, the Fifth Circuit points to Rule 8 caselaw:

> Rule 8(a)(2) requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The purpose of this requirement is "to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The factual allegations in the complaint need only "be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (footnote and citations omitted). "[D]etailed factual allegations" are not required, but the pleading must present "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

*Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015).

To recover on its claim for an unpaid debt, the Government must show that (1) Galindo executed the promissory note; (2) the Government is the holder of the promissory note; and (3) the note is in default. *United States v. Chapa*, No. C-07-005, 2007 WL 4198389, at *1 (S.D. Tex. Nov. 23, 2007) (citing *FDIC v. McCrary*, 977 F.2d 192, 194 n.5 (5th Cir. 1992)).

Here, the Government's filings establish that default judgment against Galindo is substantively warranted. The Government's Complaint and attached exhibits establish that on or about April 21, 1988, Galindo executed a promissory note to secure a loan of $4,000.00 under the Federal Family Education Loan Program and that the U.S. Department of Education is the current holder of this note. Doc. 1, Compl. ¶ 5 & Ex. A, Promissory Note. The $4,000.00 loan was disbursed on April 29, 1988, at a variable rate of interest that was to be established annually by the Department of Education. Doc. 1, Compl. ¶ 6 & Ex. B, Certificate of Indebtedness. The Government avers that Galindo has defaulted on this note and, as of December 17, 2015, was indebted to the United States in the amount of $11,380.45, consisting of both principal and interest, with interest accruing on the principal at the rate of 3.54% (or $0.44 per day). Doc. 1. Compl. ¶ 7 & Ex. B,

Certificate of Indebtedness.

Upon review of the Government's pleadings, the Court concludes that these allegations are sufficient to provide Galindo with "fair notice" of the Government's claim against him. The Court further determines that Galindo is not an infant, incompetent, or entitled to relief under the Servicemembers Civil Relief Act. Doc. 8-1, Decl. in Supp. of Default J. Accordingly, the Government is entitled to recover for any unpaid principal and interest on Galindo's loan.

*C.    The Government's Claim is for a Sum Certain*

Finally, the Court observes that the Government's claim is for a sum certain. The Government's records show that as of December 17, 2015, Galindo was indebted to the Government for $11,380.45, with interest accruing at $0.44 per day. Doc. 1, Compl. ¶ 7 & Ex. B, Certificate of Indebtedness.

IV.

CONCLUSION

For the reasons above, the Court concludes that the Government's Motion for Default Judgment (doc. 8) should be, and hereby is, GRANTED. It is therefore ORDERED, ADJUDGED, and DECREED that the Government is entitled to the following relief:

1. $11,380.45 in unpaid indebtedness as of December 17, 2015;

2. $156.20 in pre-judgment interest, calculated at a rate of $0.44 per day from December 17, 2015, until the date of judgment;

3. Post-judgment interest at a rate of 0.80%[1]; and

---

[1]Post-judgment interest is calculated using the weekly average 1-year constant maturity (nominal) Treasury yield, as published by the Federal Reserve System for the calendar week proceeding. 28 U.S.C.

4. Costs of court.

SO ORDERED.

SIGNED: December 6, 2016.

_____

JANE J. BOYLE

UNITED STATES DISTRICT JUDGE

---

§ 1961. The 1-year rate for the week ending December 2, 2016 (and thus effective December 5, 2016 through December 9, 2016) is 0.80%.

- 7 -